IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED

SEP 17 2024

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____EKW_____, DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. CR 24-403 PRW |
| -vs- ) | |
| ) | Violations: 21 U.S.C. § 846 |
| DAO KUN FENG, ) |           18 U.S.C. § 1956(h) |
|   a/k/a David Feng, ) |           18 U.S.C. § 924(d) |
| XIAN LONG RUAN, ) |           18 U.S.C. § 982(a)(1) |
|   a/k/a Long Ruan, and ) |           21 U.S.C. § 853 |
| XIU PING HUANG, ) |           28 U.S.C. § 2461(c) |
|   a/k/a Ping Huang, ) | |
| ) | |
| Defendants. ) | |

# INDICTMENT

The Federal Grand Jury charges:

## COUNT 1
### (Drug Conspiracy)

From in or about October 2019, the exact date being unknown to the Grand Jury, and continuing thereafter through on or about January 17, 2024, within the Western District of Oklahoma and elsewhere,

---------------------------------------- DAO KUN FENG,
                    a/k/a David Feng,
                XIAN LONG RUAN,
                    a/k/a Long Ruan, and
                XIU PING HUANG,
                    a/k/a Ping Huang, -------------------------------------

knowingly and intentionally conspired, combined, confederated, and agreed with each other and others, both known and unknown to the Grand Jury, to interdependently possess

with intent to distribute and to distribute controlled substances, including 1,000 or more marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means, among others:

1. During the period of the conspiracy, **DAO KUN FENG**, **XIAN LONG RUAN**, and **XIU PING HUANG** directed a drug trafficking organization (the "DTO") headquartered in the Western District of Oklahoma specializing in the cultivation and sale of black-market marijuana. **XIU PING HUANG, XIAN LONG RUAN**, and **DAO KUN FENG** set up, maintained, and operated the DTO's marijuana grow operations.

2. During the investigation, law enforcement identified a number of black-market marijuana grows used by the DTO in Oklahoma. These included 13783 N. County Road, Pauls Valley, OK (the "Pauls Valley Grow"); 34384 State Highway 29, Garvin County, OK (the "Garvin County Grow"); 18451 Simmons Road, Luther, OK ("the Luther Grow"); and 15300 W. County Road 66, Crescent, OK (the "Crescent Grow"). While some of these grows held licenses and/or registrations required by Oklahoma law at various times, they often operated without those required licenses and registrations and otherwise ignored Oklahoma laws regarding the growing, harvesting, transporting, and selling of their marijuana products.

   a. For example, the Pauls Valley Grow was operated by Dao K 88 Farms, LLC, which was owned, in part, by **DAO KUN FENG**. The land was owned by

**DAO KUN FENG** until he conveyed it via quitclaim deed in August of 2021. While Dao K 88 Farms, LLC had applied for a license to operate this grow, said license had not been and never was approved. Nevertheless, during a law enforcement inspection of the Pauls Valley Grow on April 26, 2021, the grow was in operation and had thousands of mature plants already growing. **XIU PING HUANG** arrived at the property toward the end of the inspection and informed law enforcement agents that she was there to assist their inspection of the grow. Law enforcement executed a search warrant at the Pauls Valley Grow on April 30, 2021, and seized 2,594 marijuana plants, which was thousands of plants less than what was present on April 26, 2021, and the disposition of those plants was unaccounted for.

b. Likewise, **DAO KUN FENG** and **XIU PING HUANG** owned the land for the Garvin County Grow until **DAO KUN FENG** conveyed the property to **XIU PING HUANG** alone. The Garvin County Grow itself was operated by PING Green Three, LLC, which was owned by **XIU PING HUANG** and **DAO KUN FENG**. On May 28, 2021, law enforcement inspected the site and found approximately 7,720 matijuana plants and 200 pounds of harvested marijuana. On June 3, 2021, law enforcement executed a search warrant at the Garvin County Grow and seized approximately 7,124 marijuana plants and 89 pounds of processed marijuana. The missing plants and processed marijuana was never documented or accounted for as required by Oklahoma law.

3

    c. The Luther Grow was operated by PING Green Two, LLC, which is owned, in part, by **XIU PING HUANG, DAO KUN FENG,** and **XIAN LONG RUAN**. **XIU PING HUANG** and **DAO KUN FENG** met with law enforcement during an inspection of the Luther Grow on July 1, 2020. While the grow was not licensed until July 8, 2020, **XIU PING HUANG** admitted that they had been growing marijuana on the site for approximately seven months prior.

    d. The Crescent Grow was operated by PING Green, LLC, which is owned, in part, by **XIU PING HUANG, DAO KUN FENG,** and **XIAN LONG RUAN**. The land at the Crescent Grow was owned solely by **DAO KUN FENG**. In May 2021, **DAO KUN FENG** was paying for utilities at the Crescent Grow.

3. **DAO KUN FENG, XIAN LONG RUAN,** and **XIU PING HUANG** established and operated black-market marijuana grows in furtherance of the conspiracy. These marijuana grows were established under the guise of complying with Oklahoma's medical marijuana system and were not in compliance with Oklahoma's law on the production and distribution of medical marijuana. Rather, **DAO KUN FENG, XIAN LONG RUAN,** and **XIU PING HUANG** utilized straw owners, shell corporations, black-market marijuana distribution, fictitious documents, and money laundering. **DAO KUN FENG, XIAN LONG RUAN,** and **XIU PING HUANG** took these steps to obscure the activities of their marijuana grows and to hide their interests in those grows.

The Grand Jury further incorporates all statements and allegations contained in

4

Count 2, as though fully set forth herein.

All in violation of Title 21, United States Code, Section 846, the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

### COUNT 2
(Money Laundering Conspiracy)

From in or about November 2020 through in or about May 2021, in the Western District of Oklahoma and elsewhere,

------------------------------------------ **DAO KUN FENG,**
　　　　　　**a/k/a David Feng, and**
　　**XIAN LONG RUAN,**
　　　　　　**a/k/a Long Ruan,** ------------------------------------

knowingly and intentionally combined, conspired, confederated, and agreed with each other and others, both known and unknown to the Grand Jury, to interdependently commit offenses in violation of Title 18, United States Code, Section 1956, namely:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious cultivating, manufacturing, receiving, and distributing of controlled substances and conspiring to do the same, in violation of Title 21, United States Code, Section 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions,

5

knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means, among others:

1. DAOFENG, LLC, was an Oklahoma limited liability company incorporated on July 10, 2019. It was owned by **DAO KUN FENG**.

2. DAOFENG, LLC, maintained a business checking account (ending x2273) at JPMorgan Chase Bank (the "DAOFENG Chase Account") since in or about August 2019.

3. **DAO KUN FENG** opened the DAOFENG Chase Account and was initially its sole signatory. In or about October 2019, **XIAN LONG RUAN** was added as a signatory on the DAOFENG Chase Account.

4. Since at least January 2020, DAOFENG, LLC, operated a garden supply store in Oklahoma City named Green World Garden Supply. **DAO KUN FENG**, through DOAFENG, LLC, owned Green World Garden Supply. **XIAN LONG RUAN** was its self-identified day-to-day manager.

5. Green World Garden Supply purported to lawfully sell garden supplies, primarily products needed by marijuana growers. In truth, **DAO KUN FENG** and **XIAN**

**LONG RUAN** used the business to launder proceeds from the unlawful cultivation and distribution of marijuana in Oklahoma.

6. DAOFENG, LLC, doing business as Green World Garden Supply, maintained a business checking account (ending x2085) at Valliance Bank (the "DAOFENG Valliance Account"). **DAO KUN FENG** opened the DAOFENG Valliance Account on or about November 10, 2020, and said account was open until May of 2021. **DAO KUN FENG** and **XIAN LONG RUAN** were signatories on the account.

7. In the first two weeks after opening the DAOFENG Valliance Account, **DAO KUN FENG** and **XIAN LONG RUAN** deposited into it approximately $1,887,510.00 in cash. Over the next five months, **DAO KUN FENG** and **XIAN LONG RUAN** continued this pattern of high-volume cash deposits. In total, from November 2020 through May 2021, **DAO KUN FENG** and **XIAN LONG RUAN** deposited into the DAOFENG Valliance Account $20,949,569.00 in cash, proceeds derived in part from the unlawful cultivation and distribution of marijuana.

8. After depositing this cash into the DAOFENG Valliance Account, **DAO KUN FENG** and **XIAN LONG RUAN** conspired to transfer a portion of the proceeds into the DAOFENG Chase Account. To accomplish this transfer, **DAO KUN FENG** and **XIAN LONG RUAN** primarily used checks and cashier's checks made out to DAOFENG, LLC.

9. In total, from November 2020 through May 2021, **DAO KUN FENG** and **XIAN LONG RUAN** transferred at least $2,410,500.00 from the DAOFENG Valliance Account to the DAOFENG Chase Account.

7

10.     **DAO KUN FENG** and **XIAN LONG RUAN** further conspired to transfer, via international wire proceeds, from their unlawful activities that they had deposited into the DAOFENG Chase Account. From November 2020 through May 2021, **DAO KUN FENG** and **XIAN LONG RUAN**, as signatories on the DAOFENG Chase Account, transferred by international wire at least $873,495.50 from the DAOFENG Chase Account to financial institutions in China, Hong Kong, and Canada.

11.     Additionally, **DAO KUN FENG** and **XIAN LONG RUAN** conspired to use both the DAOFENG Chase Account and DAOFENG Valliance Account to purchase items from domestic companies who sell products used in the cultivation of marijuana.

12.     In purchasing such items, **DAO KUN FENG** and **XIAN LONG RUAN** conspired to transmit and transfer funds from the DAOFENG Chase Account and DAOFENG Valliance Account with the purpose of carrying on their unlawful cultivation and distribution of marijuana.

13. In accordance with ledgers and financial documents, the massive cash deposits into the DAOFENG Valliance Account were also funneled out to a variety of other individuals, including international receipients, various individuals associated with black-market grows, related members of the conspiracy residing in other states, and for other purposes associated with the black market marijuana grows.  Cash was funnelled into the DAOFENG Valliance Account and then back out to these receipients so that the payments would appear to have been made by Green World Garden Supply, which could conceal that that the true nature and source of the payments was from black market marijuana sales.

All in violation of Title 18, United States Code, Section 1965(h).

## FORFEITURE

The allegations contained in this Indictment are hereby re-alleged and incorporated for the purpose of alleging forfeiture.

Upon conviction of the offense alleged in Count 1 of this Indictment, **DAO KUN FENG, XIAN LONG RUAN**, and **XIU PING HUANG** shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

Upon conviction of the offense alleged in Count 2 of this Indictment, **DAO KUN FENG** and **XIAN LONG RUAN** shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to, a money judgment representing the proceeds obtained as a result of the offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), **DAO KUN FENG, XIAN LONG RUAN**, and **XIU PING HUANG** shall forfeit any other property belonging to the defendants, up to the value of the property described below which was obtained by the defendants as a result of the offenses, if, by any act or omission of the defendants, the property described below, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

9

The property subject to forfeiture includes, but is not limited to:

1. approximately $500,611.39 in U.S. currency;

2. approximately $1,608,938.43 in U.S. currency;

3. approximately $1,014,439.00 in U.S. currency;

4. approximately $22,676.00 in U.S. currency;

5. approximately $151,733.00 in U.S. currency; and

6. approximately $21,000.00 in U.S. currency.

All pursuant to Title 18, United States Code, Section 924(d); Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

TRAVIS LEVERETT
D.H. DILBECK
Assistant United States Attorneys

# CRIMINAL COVERSHEET
## U.S. District Court, Western District of Oklahoma

Court

**PRW**
**CR 24-403**

Petty ☐   Misdemeanor ☐   Felony ☑   USAO No.: _____   Case No.: _____

Charging Document: **Indictment**   No. of Defendants: 3   Total No. of Counts: 2   Sealed: Y ☑

Forfeiture: Y ☑  N ☐   OCDETF: Y ☐  N ☑   McGirt: Y ☐  N ☑   Warrant ☑   Summons ☐   Notice ☐   N ☐

Companion Case No. (if any): _____

### DEFENDANT INFORMATION:

By: cb

| | |
|---|---|
| Name: **Xian Long Ruan** | SEP 17 2024 |
| Alias(es): Long Ruan | Address: |
| | FBI No.: |
| DOB: 1984 | SSN: | Race: Asian | Interpreter: Y ☐  N ☑ |
| Sex: M ☑  F ☐ | Juvenile: Y ☐  N ☑ | Language/Dialect: English |

### DEFENDANT STATUS/RECOMMENDATION:
### PRIOR MAGISTRATE JUDGE PROCEEDINGS:

☑ Not in Custody   ☑ Detention Requested   Complaint: Y ☐  N ☑
☐ Type of Bond: _____
☐ In Custody at: _____   Magistrate Judge Case No.: MJ-
Inmate/Prisoner/Register No.: _____   Previously Detained: Y ☐  N ☑

### ATTORNEY/AGENCY INFORMATION:

☐ Public Defender   Name: _____   AUSA: Travis Leverett
☐ CJA Panel   Address: _____   Agent/Agency: OBN
☐ Retained   Phone: _____   Local Officer/Agency: _____

### CHARGING DETAILS

| Count(s) | U.S.C. Citation(s) | Offense(s) Charged | Penalty |
|---|---|---|---|
| 1 | 21 U.S.C. § 846 | Drug Conspiracy | 21 U.S.C. § 841(b)(1)(A) – NLT 10 years and NMT Life imprisonment; $10,000,000 fine, or both; NLT 5 years S/R; $100 S/A |
| 2 | 18 U.S.C. § 1956(h) | Money Laundering Conspiracy | NMT 20 years imprisonment; $500,000 fine or twice the value of the funds involved in the transfer, whichever is greater; or both; NMT 3 years S/R; $100 S/A |
| Forfeiture Allegations | 18 U.S.C. § 924(d)<br>18 U.S.C. § 982(a)(1)<br>21 U.S.C. § 853<br>28 U.S.C. § 2461(c) | Criminal Forfeiture | Forfeiture of Property or Items |

**RECEIVED**
SEP 17 2024
Clerk, U.S. District Court
WEST.DIST.OF OKLA.

Signature of AUSA: s/Travis Leverett   Date: 09/17/2024

1/22